UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT LEON BEANE, JR., | ) | |
| Petitioner, | ) | |
| | ) | No. 1:15-cv-57 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| BONITA HOFFNER, | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION DENYING § 2254 PETITION FOR HABEAS RELIEF

Robert Beane, Jr. filed this petition for habeas relief under 28 U.S.C. §2254. In 2010, Beane was convicted of one count of armed robbery and one count of bank robbery. He was sentenced in April 2010 to 24 to 45 years imprisonment for armed robbery and 10 to 20 years imprisonment for bank robbery. His appeal was denied and his conviction was affirmed.

In his petition, Beane raises three constitutional claims. The magistrate judge reviewed the record and issued a report recommending the petition be denied. (ECF No. 18.) Beane filed objections. (ECF No. 20.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per

curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

The Court has reviewed the report and recommendation and the Beane's objections. Generally, the Court finds the factual summary of the proceedings in state court to be accurate. The Court also finds the application of the facts to the relevant law to be legally sound. Beane's objections are briefly addressed.

1. Facts pertaining to the motion for discovery (R&R at 3; PageID.1579)

Beane states there was no motion regarding medical records, only motions regarding surveillance tapes and police reports.

Beane's objection is OVERRULED. The magistrate judge accurately describes the transcript of the hearing that occurred on February 11, 2010. (*See* ECF No. 9-5.) There may have been other discovery requests, but that does not make this portion of the R&R factually inaccurate.

2. Statement made during motion to withdraw (R&R at 3; PageID.1579)

The magistrate judge wrote that, at a hearing on a motion to withdraw held on March 16, 2010, "Petitioner's counsel noted that Petitioner had demanded that he withdraw and that Petitioner desired to be permitted to represent himself."

Beane states he did not request to represent himself until April 9, 2010.

Beane's objection is OVERRULED. The transcript of the hearing on March 16, 2010 (ECF No. 9-6 PageID.167), shows that counsel did state that Beane wanted counsel to withdraw. The transcript also establishes that Beane did not request to represent himself at

this particular hearing.[1]  However, correcting this factual error would not alter any of the recommendations of the magistrate judge.

    3.  Unequivocal request for self-representation (R&R at 23–28; PageID.1599–1604)

Beane argues that his request to represent himself was unequivocal.

Beane's objection is OVERRULED.  The trial court, the court of appeals, and now the magistrate judge have all identified the same concerns, pointed to the same transcripts and reached the same conclusion.  Beane wanted to both represent himself and preserve claims for ineffective assistance.  He could not do both.  Therefore, his request to represent himself was qualified and was not unequivocal.

    4.  Ineffective assistance of counsel (R&R at 28–42; PageID.1604–18)

        a.  Jury Venire

Beane argues counsel's attempt to challenge the jury as a fair cross section of the community was so inadequate as to be ineffective assistance.

Beane's objection is OVERRULED.  Beane concedes that counsel did challenge the selection of jurors.  The court of appeals and the magistrate judge both concluded, accurately, that trial counsel's legal argument competently addressed the issue.  On this point, Beane is incorrect.  Beane then argues that counsel should have produced evidence to support his claim.  As both the court of appeals and the magistrate judge concluded, Beane has not

---

[1] The Court stated that it would ask Beane if he wanted to discharge counsel and if he wanted to represent himself.  Counsel then responded that Beane has "been demanding it on several occasions. He demanded it very assertively the last time I met with him.  He's demanding that I withdraw." (ECF No. 9-6 PageID.167.)  The ambiguity of the "it" to which counsel refers likely explains the magistrate judge's statement.  Later in the hearing, Beane clarifies that he was not asking to represent himself.  (*Id.* PageID.168.)

established that such evidence exists.  Trial counsel cannot be deemed ineffective for failing to support his claim with evidence that does not exists.

      b.  Video Footage

Beane claims that if counsel did have the video footage of the robbery, counsel did not do anything with the footage.

Beane's objection is OVERRULED.  Beane has not asserted or established that had trial counsel done something with the footage, a different result must have occurred.  Beane does not object to the rest of the report and recommendation, which explains why using the video would not have assisted in Beane's defense.

For these reasons, the Report and Recommendation is **ADOPTED** as the Opinion of this Court.  Accordingly, Beane's petition for habeas relief is **DENIED.**

The court has reviewed the petition for the purpose of determining whether to issue a Certificate of Appealability.  A Certificate of Appealability is **DENIED.**  Reasonable jurists would not disagree with the resolution of these issues.

      **IT IS SO ORDERED.**

Date:  August 28, 2017                                          /s/ Paul L. Maloney
                                                                                 Paul L. Maloney
                                                                                 United States District Judge